**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:08-cr-0063** |
| | ) | |
| **Montez Lee WALLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S POSITION RESPECTING SENTENCING

COMES NOW the Defendant, Montez Lee Waller, by counsel, under ***Section 6A1.2 of the U.S. Sentencing Guidelines ("USSG")*** and hereby represents that the Defendant has reviewed the advisory Presentence Report as supplemented and requests that this Court impose a sentence that complies with ***USSG §3553(a)*** and in support hereof states as follows:

### I. The Presentence Report ("PSR")

1. The Defendant has found no errors in the presentence report.

### II. The Supreme Court's Decision in Booker

The United States Supreme Court decision in ***United States v. Booker, 543 U.S. 220 (2005)***, stands for the proposition that the guidelines are now advisory only and the sentencing court must "take account of the Guidelines together with

other sentencing goals" set forth in 18 U.S.C. §3553(a). Id, at 224. Specifically, judges are required "to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed [educational or vocational] training and medical care." *Id* (citing 18 U.S.C. § 3553(a) (2)). supplied. Overall, a sentencing court must impose a sentence that comports with all these factors and is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(5) (2).

In ***United States v. Moreland, 437 F.3d 424 (4th Cir. 2006),*** the Fourth Circuit outlined a multi-step process that should be used by the district court in imposing sentence in the post-Booker era. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. See ***United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).*** Next, the court must "determine whether a sentence within that range serves the factors set forth in §3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." ***United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).*** In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law. If an appropriate basis for departure exists, the district court may depart.

If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a "variance sentence"). The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range. See ***18 U.S.C. §3553(c); Hughes, 401 F.3d at 546.***

The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary. ***See Green, 436 F.3d 449, at 455-56.*** The district court need not discuss each factor set forth in §3553(a) "in checklist fashion"; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." ***United States v. Dean, 414 F.3d 725,729 (7th Cir. 2005)*** (internal quotation marks omitted). The Fourth Circuit has stated its belief that so-called traditional departures" - i.e., those made pursuant to specific guideline provisions or case law - remain an important part of sentencing even after *Booker,* and that a sentence that falls within the properly calculated advisory guideline range is entitled to a rebuttable presumption of reasonableness. ***See e.g., United States v Mykytiuk, 415 F.3d 606, 607-08 (7th Cir. 2005).*** The Fourth Circuit has also stated that the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be. ***See Dean, 414***

***F.3d at 729, accord United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005)*** (holding, in the context of a downward departure for substantial assistance to the government, that "an extraordinary reduction must be supported by extraordinary circumstances"). The Fourth Circuit has further explained that the standard to be used to determine the appropriateness of a variance sentence is whether the defendant is "...significantly more deserving of a lower sentence than the typical defendant..." under the same USSG range. ***United States v. Pena, 2006 WL 1791697 (4th Cir. June 30, 2006).***

Moreland Analysis

Counsel submits that, under *Moreland* and pursuant to 18 U.S.C. 3553(a), this Court must first consider the advisory range based on the Sentencing Guidelines.

Further analysis under *Moreland* requires that this Court "determine whether a sentence within that range...serves the factors set forth in §3553(a), and, if not, select a sentence [within statutory limits] that does serve those factors." *Green,* 436 F.3d at 456. In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law. If an appropriate basis for departure exists, the district court may depart. There appear to be no factors warranting either a departure or a variance at this time.

**III. Application of the Section 3553(a) Principles and Factors to This Case**

(A.) Most of the Section 3553(a) factors have already been articulated and addressed before this Court in the Presentence Report.

(B.) Mr. Waller has admitted his involvement in this matter and has agreed to cooperate with the United States.

WHEREFORE, the Defendant Montez Lee Waller, by counsel, requests that this Court impose the sentence recommended in the Presentence Report and for such further and other relief deemed proper under the circumstances.

Respectfully submitted,
Montez Lee Waller
By Counsel

______/s/__________________
Paul P. Vangellow
VSB#23488
Attorney for Montez Lee Waller
Paul P. Vangellow, PC
6109A Arlington Blvd.
Falls Church, VA 22044
(703) 241-0506
fx: (703) 241-0886
paul.vangellow@verizon.net

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was served by ECF, fax, hand-delivery, email and/or first class mail, postage prepaid to:

Meredith Mills, Esq.
Asst. U.S. Attorney
2110 Jamieson Street
Alexandria, VA 22314

Date: June 13, 2008

______/s/_________________

Paul P. Vangellow
VSB#23488
Attorney for Montez Lee Waller
Paul P. Vangellow, PC
6109A Arlington Blvd.
Falls Church, VA 22044
(703) 241-0506
fx: (703) 241-0886
paul.vangellow@verizon.net